RECORD NO. 11-4528

In The
# United States Court of Appeals
### For The Fourth Circuit

**UNITED STATES OF AMERICA,**

*Plaintiff – Appellee,*

v.

**LAVONTA JONES,**

*Defendant – Appellant.*

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NORTH CAROLINA AT CHARLOTTE

## BRIEF OF APPELLANT

**Henderson Hill**
**Executive Director**
**FEDERAL DEFENDERS OF**
  **WESTERN NORTH CAROLINA, INC.**

**\*Elizabeth A. Blackwood**
**Research and Writing Attorney**
**129 West Trade Street, Suite 300**
**Charlotte, North Carolina  28202**
**(704) 374-0720**

*Counsel for Appellant*
*\*Counsel of Record*

**THE LEX GROUP** ♦ 1108 East Main Street ♦ Suite 1400 ♦ Richmond, VA  23219
(804) 644-4419 ♦ (800) 856-4419 ♦ Fax: (804) 644-3660 ♦ www.thelexgroup.com

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................... ii

NATURE OF THE APPEAL .................................................................................. 1

STATEMENT OF JURISDICTION ........................................................................ 1

STATEMENT OF THE ISSUE ................................................................................ 1

STATEMENT OF THE CASE ................................................................................. 2

STATEMENT OF THE FACTS .............................................................................. 3

      I.     THE OFFENSE CONDUCT ............................................................... 3

      II.    THE PRESENTENCE INVESTIGATION REPORT ......................... 4

      III.   THE DISTRICT COURT'S SENTENCE ........................................... 6

SUMMARY OF ARGUMENT ................................................................................ 7

ARGUMENT ............................................................................................................ 8

      THE DISTRICT COURT'S SENTENCE IS SUBSTANTIVELY
      UNREASONABLE ................................................................................... 8

      A.    STANDARD OF REVIEW .................................................................. 8

      B.    DISCUSSION ....................................................................................... 8

CONCLUSION ....................................................................................................... 10

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# **TABLE OF AUTHORITIES**

**Page(s)**

## **CASES**

*Anders v. California*,
  386 U.S. 738 (1967)......................................................................................1

*Gall v. United States*,
  552 U.S. 38 (2007).......................................................................................8

*McCoy v. Wisconsin*,
  486 U.S. 429 (1988)......................................................................................1

*Penson v. Ohio*,
  488 U.S. 75 (1988)........................................................................................1

*Shepard v. United States*,
  544 U.S. 13 (2005).......................................................................................5

*United States v. Allen*,
  No. 02-4071, 2002 WL 1580056 (4th Cir. July 11, 2002) ............................9

*United States v. Evans*,
  526 F.3d 155 (4th Cir.), *cert. denied*,
  129 S. Ct. 476 (2008)...................................................................................8

*United States v. Go*,
  517 F.3d 216 (4th Cir. 2008) .......................................................................8

*United States v. Pauley*,
  511 F.3d 468 (4th Cir. 2007) .......................................................................8

*United States v. Pillow*,
  191 F.3d 403 (4th Cir. 1999) .......................................................................9

*United States v. Wade*,
  936 F.2d 169 (4th Cir. 1991) .......................................................................9

## **STATUTES**

18 U.S.C. § 922(g)(1) ..................................................................................1, 2, 6, 9

18 U.S.C. § 924(a) ................................................................................................4

18 U.S.C. § 924(e) ................................................................................................4

18 U.S.C. § 924(e)(1) ........................................................................................4, 9

18 U.S.C. § 3231 ...................................................................................................1

18 U.S.C. § 3553(a) ..........................................................................................5, 6

18 U.S.C. § 3742(a) ..............................................................................................1

28 U.S.C. § 1291 ...................................................................................................1

## **GUIDELINES**

U.S.S.G. § 2K2.1(a)(2) .........................................................................................4

U.S.S.G. § 4B1.4 ..................................................................................................4

U.S.S.G. § 5G1.1(b) .....................................................................................5, 7, 9

## NATURE OF THE APPEAL

Appellant Lavonta Jones submits this Brief to the Court under the decision rendered in *Anders v. California*, 386 U.S. 738 (1967), as more fully explained in *McCoy v. Wisconsin*, 486 U.S. 429 (1988), and *Penson v. Ohio*, 488 U.S. 75 (1988).

Undersigned counsel has determined, after a careful examination of the record in Jones' case, that Jones has no meritorious grounds for direct appeal. Counsel has set forth below the issue that Appellant has requested she pursue.

## STATEMENT OF JURISDICTION

The United States District Court for the Western District of North Carolina had jurisdiction under 18 U.S.C. § 3231 because the Indictment charged Jones with an offense against the laws of the United States, specifically 18 U.S.C. § 922(g)(1). Indictment (Doc. # 1) at 1. The district court entered its final, written judgment on May 11, 2011. Judgment (Doc. # 24) at 1. Jones timely filed a Notice of Appeal on May 13, 2011. Notice of Appeal (Doc. # 26) at 1. This Court has jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUE

Whether Jones' sentence was substantively unreasonable.

1

## **STATEMENT OF THE CASE**

The Government charged Lavonta Jones in a one-count Bill of Information filed in the United States District Court for the Western District of North Carolina, Charlotte Division, on June 16, 2010. Indictment (Doc. # 1) at 1. The Indictment charged that, on or about December 7, 2009, Jones, "having been previously convicted of a crime punishable by imprisonment for a term exceeding one year," knowingly and unlawfully possessed a "Marlin, Model 60, .22 LR Caliber Rifle, and Remington .22 caliber ammunition," in violation of 18 U.S.C. § 922(g)(1). *Id.*

On September 29, 2010, Jones pled guilty without a written plea agreement. Transcript of September 29, 2010, Plea Hearing (Doc. # 33) at 6. The district court held a sentencing hearing on May 3, 2011, and sentenced Jones to imprisonment for a term of 180 months. Transcript of May 3, 2011, Sentencing Hearing (Doc # 34) at 10-11; Judgment (Doc. # 24) at 2. The court also sentenced Jones to five years of supervised release upon his release from imprisonment and ordered him to pay a special assessment of $100 and reimburse the United States $500 for court-appointed attorneys' fees. Doc # 34 at 11-12; Doc. # 24 at 3-4. The district court entered its written judgment on May 11, 2011. Doc. # 24 at 1. On May 13, 2011, Jones timely filed a Notice of Appeal. Notice of Appeal (Doc. # 26) at 1.

## **STATEMENT OF THE FACTS**

**I.   THE OFFENSE CONDUCT**

According to the Presentence Investigation Report ("the PSR"), on December 7, 2009, Charlotte-Mecklenburg police officers conducted a "knock and talk" at an apartment located in Charlotte, North Carolina in reference to complaints that residents of the apartment were involved in breaking and enterings in other apartment complexes. PSR (Doc. # 18) at 3. Jones answered the door and allowed the officers inside the apartment. *Id*. Lakisha Butler, who was also inside the apartment, informed officers that she and her daughter lived in the apartment, but Jones did not live there. *Id*. Butler signed a consent form to allow the officers to search the apartment. *Id*. at 4. During their search, officers found a Marlin, Model 60, .22 caliber semi-automatic rifle in a closet. *Id*. Jones told an officer that the firearm belonged to Butler but admitted that he had handled the firearm to keep it away from his daughter. *Id*. Officers then arrested Jones and, while searching him, found two live rounds of .22 caliber ammunition in his right front pocket. *Id*.

According to the PSR, the firearm was manufactured in Connecticut and the ammunition was manufactured in either Connecticut or Arizona. *Id*.

3

## II.    THE PRESENTENCE INVESTIGATION REPORT

The PSR recommended a base offense level of 24 pursuant to U.S.S.G. § 2K2.1(a)(2). Doc # 18 at 5. The PSR then concluded that Jones was an armed career criminal under 18 U.S.C. § 924(e), and, accordingly, under U.S.S.G. § 4B1.4 was an offense level 33. *Id*; 18 U.S.C. § 924(e) (2006) ("ACCA"). In reaching its conclusion that Jones was an armed career criminal, the PSR utilized his prior convictions of: robbery with a dangerous weapon on October 25, 1999, where the victim was robbed at gunpoint in Mecklenburg County, North Carolina; robbery with a dangerous weapon on January 10, 2000, where the victims were robbed at gunpoint at the business, Backyard Burger, in Charlotte, North Carolina; attempted robbery with a dangerous weapon on February 1, 2000, where the victims were robbed at gunpoint at a Courtyard by Marriot hotel; robbery with a dangerous weapon on February 1, 2000, where the victims were robbed at a Quality Inn & Suites hotel at gunpoint; and common law robbery on January 28, 2000, where the victims were robbed at gunpoint at a Taco Bell. *Id*. at 5-10. With a three-level downward adjustment for acceptance of responsibility, the PSR recommended a total offense level of 30. *Id.* at 6

The PSR stated Jones' term of imprisonment was "not less than 15 years or more than Life" under 18 U.S.C. §§ 924(a) and 924(e)(1). *Id*. at 16. Because Jones' had a total offense level of 30 and a criminal history category of IV, his guideline

4

range for imprisonment would have been 135-168 months. But because Jones' statutory minimum sentence of imprisonment was greater than the maximum of the guideline range, Jones' guideline term of imprisonment was actually 180 months under U.S.S.G. § 5G1.1(b). *Id.*

On February 25, 2011, Jones' counsel filed several objections to the first draft of his presentence report. Objection to Presentence Investigation Report (Doc. # 17) at 1-2. Specifically, counsel objected to Jones' designation as an armed career criminal; objected to three criminal history points being added for his conviction for the October 25, 1999, Robbery with a Dangerous Weapon, as it was consolidated for sentencing with convictions listed in paragraph # 28 of the PSR; objected that the information used to determine that Jones qualified for the ACCA did not come from approved documents under *Shepard v. United States*, 544 U.S. 13, 16 (2005); and stated that Jones reserved the right to seek a sentence below the applicable sentencing range under 18 U.S.C. § 3553(a). *Id.*

In the final PSR, the Probation Office added language regarding Jones' request to seek a downward variance at sentencing but made no other changes as a result of Jones' objections. Doc # 18 at 18-19. Jones' counsel withdrew the remaining objections at his sentencing hearing. Transcript of May 3, 2011, Sentencing Hearing (Doc # 34) at 3-4.

5

## III.  THE DISTRICT COURT'S SENTENCE

Prior to sentencing, Jones' counsel submitted letters of support on his behalf and certificates showing Jones had completed various programs in jail awaiting sentencing. Sealed Sentencing Memorandum (Doc. # 23) at 1-11.

At the May 3, 2011, sentencing hearing, the parties stipulated that there was a factual basis to support entry of the guilty plea and that it could be found in the offense conduct set forth in the PSR. Transcript of May 3, 2011, Sentencing Hearing (Doc # 34) at 2. The court found that the total offense level under the guidelines was 30, and Jones had a criminal history category of IV, thereby giving him a guidelines range of 135-168 months. *Id.* at 4. However, the court found that, since Jones qualified for armed career criminal status, his guidelines range was "trumped" by the ACCA's statutory minimum of 180 months' imprisonment. *Id.*

Jones' counsel argued that, under the factors listed in 18 U.S.C. § 3553(a), Jones should receive the mandatory minimum sentence of 180 months' imprisonment. *Id*. at 4. Specifically, counsel noted this was a run-of-the-mill 922(g)(1) case, there was no evidence Jones ever used or threatened to use the gun in question, he had cooperated fully with law enforcement, and he had accepted responsibility for his actions. *Id*. at 4-5, 7. Counsel also pointed out that Jones had a strong work history and, despite a difficult upbringing with a father in prison and a drug-addicted mother, had tremendous family support, including family members

6

who wrote letters of support and spoke on his behalf at the sentencing. *Id.* 5-7, 8-9. Finally, counsel noted that Jones could be rehabilitated, as evidenced by the fact he had taken advantage of many programs at the jail, had obtained his GED, and had completed barber school and hoped to open up his own barber shop in the future. *Id.* at 7. In his allocution, Jones apologized to the court for his conduct. *Id.* at 8.

The government asked the court to sentence Jones to the statutory minimum of 15 years. *Id.* at 9-10.

The district court then sentenced Jones to imprisonment for a term of 180 months. *Id.* at 10-11. The court also sentenced Jones to five years of supervised release upon his release from imprisonment. *Id.* at 11. The court ordered Jones to pay a special assessment of $100 and to reimburse the United States for court-appointed attorneys' fees. *Id.* at 12.

## SUMMARY OF ARGUMENT

Jones argues that his sentence was substantively unreasonable because the district court erroneously sentenced him to 180 months' imprisonment even though his sentencing guidelines range was 135 to 168 months. However, the record demonstrates that, under U.S.S.G. § 5G1.1(b), Jones' statutory mandatory minimum sentence of 180 months was the guideline sentence, and therefore the court properly sentenced Jones to 180 months' imprisonment.

7

# **ARGUMENT**

## **THE DISTRICT COURT'S SENTENCE IS SUBSTANTIVELY UNREASONABLE**

### A.   STANDARD OF REVIEW

This Court reviews sentences for reasonableness, applying an abuse of discretion standard of review. *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Pauley*, 511 F.3d 468, 473 (4th Cir. 2007).

### B.   DISCUSSION

*Gall* requires that, in evaluating substantive reasonableness, the reviewing court must

> take into account the totality of the circumstances, including the extent of any variance from the Guidelines range. If the sentence is within the Guidelines range, the appellate court may, but is not required to apply a presumption of reasonableness.

*United States v. Evans*, 526 F.3d 155, 161-62 (4th Cir.), *cert. denied*, 129 S. Ct. 476 (2008) (same) (quoting *Gall*, 128 S. Ct. at 597). As permitted by *Gall*, this Court applies a presumption of reasonableness to within-Guidelines sentences. *United States v. Go*, 517 F.3d 216, 218 (4th Cir. 2008).

Jones contends that his 180 month sentence is not within-Guidelines because his guidelines range was 135 to 168 months, but he was sentenced to an above-guideline range sentence of 180 months.

8

Although the Sentencing Guidelines provide sentencing ranges predicated on the gravity of a defendant's offense and his criminal history, when that calculus yields a sentencing range below the mandatory minimum for an offense, the guidelines sentence becomes that statutory minimum. *See United States Sentencing Guidelines Manual* § 5G1.1(b) (2000). Under § 924(e)(1), a fifteen-year mandatory minimum sentence "shall" apply to all defendants convicted under § 922(g)(1) who have previously committed three or more qualifying violent felonies. *United States v. Allen*, No. 02-4071, 2002 WL 1580056 (4th Cir. July 11, 2002). Because Jones had three qualifying ACCA convictions, the mandatory minimum sentence was properly imposed.

Once it is determined that a defendant's prior convictions qualify him for sentencing under the ACCA, the sentencing court may only depart below the fifteen-year mandatory minimum if the Government moves for such a departure based on the defendant's substantial assistance or if the defendant qualifies for application of the "safety valve" provision. *See United States v. Pillow*, 191 F.3d 403, 407-08 (4th Cir. 1999); *United States v. Wade*, 936 F.2d 169, 171 (4th Cir. 1991). Neither departure applied in Jones' case.

As Jones had three qualifying ACCA convictions and no departure was appropriate, Jones cannot establish that the district court was unreasonable in

9

sentencing him within the applicable Guidelines range, which, here, was the statutory mandatory minimum of 180 months.

## CONCLUSION

Jones respectfully asks the Court of Appeals for the Fourth Circuit to review the record carefully to determine if there are issues of merit which may be raised and which would warrant the Court's vacating the judgment and remanding the case to the district court for future disposition.

This, the 20th day of October, 2011.

Henderson Hill, Executive Director
Federal Defenders of
Western North Carolina, Inc.


/s/ Elizabeth Anne Blackwood
*Elizabeth Anne Blackwood
Research and Writing Attorney
129 W. Trade Street, Suite 300
Charlotte, NC 28202
(704) 374-0720
Counsel for Appellant
*Counsel of Record

## **CERTIFICATE OF COMPLIANCE**

1.  This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

    [ X ] this brief contains [*2,078*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

    [    ] this brief uses a monospaced typeface and contains [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.  This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    [ X ] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 2007*] in [*14pt Times New Roman*]; *or*

    [    ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].


Dated: <u>October 20, 2011</u>                    <u>/s/ Elizabeth Anne Blackwood    </u>
                                                  *Counsel for Appellant*

# CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 20th day of October, 2011, I caused this Brief of Appellant to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

| | |
|---|---|
| Amy E. Ray<br>OFFICE OF THE U.S. ATTORNEY<br>100 Otis Street, Room 233<br>Asheville, North Carolina  28801<br>(828) 271-4661 | Melissa L. Rikard<br>OFFICE OF THE U.S. ATTORNEY<br>227 West Trade Street, Suite 1650<br>Charlotte, North Carolina  28202<br>(704) 344-6222 |
| *Counsel for Appellee* | *Counsel for Appellee* |

I further certify that on this 20th day of October, 2011, I caused the required number of bound copies of the Brief of Appellant to be hand-filed with the Clerk of the Court.

On this 20th day of October, 2011, I caused one bound copy of the Brief of Appellant to be served, via U.S. Mail, postage pre-paid, to the Appellant:

Mr. Lavonta Jones
Reg. # 25652-058
FCI Bennettsville
Federal Correctional Institution
P.O. Box 52020
Bennettsville, South Carolina  29512

*Appellant*

/s/ Elizabeth Anne Blackwood
*Counsel for Appellant*